1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   KODY LOGAN BARCUS,                        No.  2:14-cv-2125-MCE-KJN PS

12                  Plaintiff,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14   NSA,

15                  Defendant.

16

17          Plaintiff Kody Logan Barcus, proceeding without counsel, commenced this action on

18   September 15, 2014, and requested leave to proceed *in forma pauperis*.  (ECF Nos. 1, 2.)[1]

19   Plaintiff's motion to proceed *in forma pauperis* is incomplete and also contains some

20   unintelligible comments.  As such, it should be denied.

21          Ordinarily, however, the court would have denied plaintiff's motion without prejudice,

22   requiring plaintiff to either (a) pay the applicable filing fee or (b) file an amended motion to

23   proceed *in forma pauperis* that is properly completed and demonstrates his entitlement to proceed

24   *in forma pauperis*.  Nevertheless, the court concludes that requiring plaintiff to do either of the

25   above in this case is futile, because the action is clearly subject to dismissal for lack of subject

26   matter jurisdiction.

27   _____

28   [1] This case proceeds before the undersigned pursuant to E.D. Cal. L.R. 302(c)(21) and 28 U.S.C.
     § 636(b)(1).

                                                    1

1  "Under the substantiality doctrine, the district court lacks subject matter jurisdiction when

2  the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d

3  1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)).  "The claim

4  must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise

5  completely devoid of merit as not to involve a federal controversy within the jurisdiction of the

6  District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id.

7  (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v.

8  Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a

9  complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of

10  Civil Procedure when the allegations of a complaint are totally implausible, attenuated,

11  unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

12  Here, plaintiff alleges that defendant NSA (the National Security Agency), as well as

13  several other federal agencies or entities (including the FBI, CIA, Secret Service, NCIS, the

14  White House, the military, and something called "dodge witch") committed "treason acts," and

15  used (and continues to use) electrical and other weapons against plaintiff.  Plaintiff seeks agency

16  records concerning the use of such weapons against plaintiff pursuant to the Freedom of

17  Information Act.  Plaintiff's complaint attaches multiple pages from some type of internet website

18  or online forum with accounts from various individuals who claim to have been victims of

19  electromagnetic harassment, mind control, surveillance, and electronic torture experiments

20  conducted by government agencies, corporations, and other entities.

21  Because plaintiff's allegations are fanciful, delusional, implausible, and completely

22  devoid of merit, the court finds plaintiff's claims to be so insubstantial as to not involve a federal

23  controversy within the jurisdiction of this court.

24  Accordingly, for the reasons outlined above, IT IS HEREBY RECOMMENDED that:

25  1.  Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) be denied.

26  2.  The action be dismissed for lack of subject matter jurisdiction pursuant to the

27      substantiality doctrine.

28  ////

2

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections.  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Turner v. Duncan</u>, 158 F.3d 449, 455 (9th Cir. 1998); <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO RECOMMENDED.

Dated:  September 17, 2014

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3